UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Ferrell Conner | § § § § § § § § § § § § | |
| | § | Civil Action No. |
| v | § | 5:18-cv-1086 |
| Jenkins, Wagnon, & Young, P.C. | | |

Complaint

_____

## Introduction

1. The Fair Debt Collection Practices Act protects consumers from misrepresentations by debt collectors. Congress enacted the FDCPA to stem harassment, abuse, and misrepresentations by debt collectors. It found that these acts by debt collectors contribute to personal bankruptcies, job loss, marital discord, and invasions of privacy.

2. Among the protections provided by the FDPCA, the amount of the debt is paramount. A misrepresentation about the amount or character of a debt is extremely misleading. If a debt collector claims a debt may increase when it will not, then a consumer may prioritize that debt over another more important debt.

3. Plaintiff bring this action for Defendant's violation of the FDCPA and seeks actual damages, statutory damages, attorney's fees, and litigation costs.

## Jurisdiction & Venue

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## Parties

6. Plaintiff, Ferrell Conner, is a natural person who resides in and has resided in San Antonio, Bexar County, Texas at all times relevant to this action.

7. Defendant, Jenkins, Wagnon, & Young, P.C. is a Texas professional corporation whose address is 1623 10th Street, Lubbock, Texas 79401. It may be served with summons via its registered agent Mark Wagnon at the same address.

## Facts

8. JWY regularly collects, and attempts to collect, defaulted debts which were incurred, or alleged to have been incurred, for personal, family, or

household purposes on behalf of others using the U.S. Mail, telephone, and internet.

9. The principal purpose of JWY is the collection of such debts.

10. The Debt is a defaulted debt that Conner used for personal, family, and household purposes (the "Debt").

11. Conner was a enlisted in the United States Army.

12. During his time in the Army, he took out a loan from Pioneer Services for personal expenses.

13. Unable to keep up with the payments, Conner defaulted on the loan.

14. Conner's credit reports reflect that he defaulted around June of 2013 and the Debt was charged off around February 2015.

15. Creditors charge-off defaulted debts on accordance with federal regulations that require the creditor to remove the debt from their financial statements as assets. See Victoria J. Haneman, *The Ethical Exploitation of the Unrepresented Consumer*, 73 Mo. L. Rev. 707, 713-14 (2008) ("a credit card account is characterized as a 'charge-off' account (or worthless account for taxable purposes) when no payment has been received for 180 days.") These charged-off accounts are treated as a loss and the creditor receives a tax deduction under the Internal Revenue Code.

16. Truth in Lending Act requires a creditor to sent periodic statements if an account continues to accrue interest. 15 U.S.C. § 1637(b).

17. Conner has not received a periodic statement from Pioneer Services, the original creditor, in years.
18. On January 11, 2018, JWY sent Conner a letter in an attempt to collect a debt.
19. A true and correct copy of this letter is attached as Exhibit A, except that, per Fed. R. Civ. P. 5.2 it has been redacted.
20. The letter states "Because of amounts that may accrue hereafter, the amount due after this date may be greater than the amount stated herein."
21. This language implies that interest may accrue on the debt.
22. Interest did not and will not accrue, as the original creditor has not sent periodic statements, as required by TILA.
23. About six months before this letter, on June 22, 2017, a different debt collector sent Conner a letter.
24. A true and correct copy of this letter is attached as Exhibit B, except that, per Fed. R. Civ. P. 5.2 it has been redacted.
25. The June 2017 letter attempts to collect $11,670.97, the same amount at JWY's January letter.
26. If amounts were to accrue after JWY's January letter, then these amounts should have accrued after the June 2017 letter.
27. The amounts in both letters are the same, with no interest or other amounts accrued in the approximately six months between them.
28. The statement in JWY's letter that "amounts may accrue" is false and misleading.

29. JWY's letter deprived Conner of truthful, non-misleading information regarding the Debt.

## Cause of Action – Fair Debt Collection Practices Act

30. Jenkins, Wagnon, & Young, P.C. is a debt collector as defined by 15 U.S.C. § 1692a(6).

31. The Debt is a debt as defined by 15 U.S.C. § 1692a(5).

32. Conner is a consumer as defined by 15 U.S.C. § 1692a(3).

33. The letter contained in Exhibit A is a communication as defined by 15 U.S.C. § 1692a(2).

34. Exhibit A violates the FDCPA in that it:

    a. Makes a false representation of the character, amount, or legal status of a debt in violation of 15 U.S.C. § 1692e(2)(A);

    b. Threatens to take action that cannot legally be taken or that is not intended to be taken in violation 15 U.S.C. § 1692e(4);

    c. Uses a false representation in attempting to collect a debt in violation of 15 U.S.C. § 1692e(10);

    d. Attempts to collect an amount of that is not authorized by the agreement creating the debt or is not authorized by law in violation of 15 U.S.C. § 1692f(1); and

    e. In an initial communication, fails to inform the consumer of the amount of the debt in violation of 15 U.S.C. § 1692g(a)(1).

## Jury Demand

35. Plaintiff demands this case be tried before a jury.

## Prayer for Relief

Plaintiff prays, that this Court enter judgment against Defendant and in favor of Plaintiff for:

a. Actual damages per 15 U.S.C. § 1692k(a)(1);

b. Statutory damages per 15 U.S.C. § 1692k(a)(2); and

c. Attorney's fees, costs, and litigation expenses per 15 U.S.C. § 1692 k(a)(3).

Dated: October 15, 2018        Respectfully Submitted,

/s/William M. Clanton
William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie
San Antonio, TX 78216
210 226 0800
210 338 8660 fax
bill@clantonlawoffice.com